## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> NELSON OTERO and MAXCIME CAGAN, <br><br> Defendants. | Criminal No. 11-cr-023 (SRC) <br><br> **ORDER** |

**THIS MATTER** having been opened to the Court on the pretrial motions of Paul J. Fishman, United States Attorney for the District of New Jersey (Jacques S. Pierre and Lisa M. Colone, Assistant U.S. Attorneys, appearing), defendant Nelson Otero (appearing *pro-se*, Lorraine Gauli-Rufo, Assistant Federal Public Defender as advisory counsel) and defendant Maxcime Cagan (Thomas Ambrosio, Esq. appearing); and upon consideration of the parties' written submissions and arguments made at a hearing on March 13, 2012; and for good cause shown:

IT IS on this 23 day of March, 2012,

**ORDERED** as follows:

1. Defendant Otero's motion to exclude the introduction into evidence of 2 bullet proof vests seized from the defendants (ECF document 49) is DENIED;

2. Defendant Otero's motion to exclude the introduction into evidence of two sets of handcuffs seized from the defendants (ECF document 49) is GRANTED;

3. Defendant Otero's motion to exclude the introduction into evidence a hand written note describing how to commit a homicide (ECF document 49) is GRANTED;

4. Defendant Otero's motion challenging his arrest on Fourth Amendment grounds was denied.

5. Defendant Otero's motion to exclude the introduction into evidence of certain lottery tickets seized from Otero's home is (ECF document 49) GRANTED, however, the Court the will reconsider the motion if the Government can lay a proper foundation demonstrating that the lottery tickets at least potentially came from any of the victim premises or were consistent with those sold at the victim premises;

6. The Government's motion to preclude the defendants from mentioning to the Jury the amount of prison time a defendant would face if convicted is (ECF document 45) GRANTED;

7. The Government's motion to preclude defendant Otero from mentioning in his opening the fact that his rights were violated and/or he was assaulted by the police (ECF document 35) is GRANTED. Defendant Otero is directed that he may not mention his being assaulted by police in his opening statement, Otero cannot cross-examine any witnesses about his alleged assault by police without the prior approval of the Court and Otero will have to establish the relevance of his police assault allegations before being allowed to have witnesses testify about these allegations during his case-in-chief.

8. The Government's motion to preclude the defendant's from mentioning facial recognition technology during the trial (ECF document 45) is DENIED;

9. The Government's motion to preclude the defendant's from introducing at trial certain Photo Shop altered photographs prepared by a certain law enforcement agent is (ECF document 45) GRANTED;

10. Defendant Cagan's motion to exclude from introduction into evidence a May 6, 2010 New York Daily News article related to defendant Cagan being "wanted for committing armed robberies in New York" (ECF document 69) is GRANTED;

11. Defendant Cagan's motion to have the Jury instructed that its members be barred from conducting internet research in any way related to this case is GRANTED;

12. The Government's motion to preclude defendant Cagan from introducing into evidence certain portions of Cagan's videotaped post arrest statement is CONTINUED until such time as Cagan makes a proffer as to whether Cagan intends

to introduce portions of Cagan's videotaped statement other than the portions the Government has already indicated it intends to introduce at trial;

13. Defendant Otero's renewed motion for a severance (ECF document 38 and 55) is DENIED;

14. Defendant Otero's renewed motion for dismissal based upon jurisdictional grounds (ECF document 43) is DENIED;

15. Defendant Otero's motion to be provided with a pen to be used at trial is GRANTED, SUBJECT TO THE APPROVAL of the U.S. Marshall's Office;

_____
Honorable Stanley R. Chesler
United States District Judge